# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | | |
|---|---|---|
| DAWN TRIPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00152-KDB-DSC |
| | ) | |
| MOUNTAIN RUN SOLUTIONS, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

DAWN TRIPLETT ("Plaintiff"), through her attorneys, and for her First Amended

Complaint at Law alleges the following against Defendant, MOUNTAIN RUN SOUTIONS, LLC

("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, § 15

    U.S.C. 1692, *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based is based on the North Carolina Debt Collection

    Act, N. C. Gen. Stat. § 75-50, *et seq.* ("NCDCA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k

    (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

    actions may be brought and heard before "any appropriate United States district court

    without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Hickory, Catawaba County, State of North Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA and NCDCA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCDCA.

10. Defendant is a debt collector as that term is defined by FDCPA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt collector located in City of Orem, Utah County, State of Utah.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. During the course of its attempts to collect debts allegedly owed to it or third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Monotronics/Brinks home monitoring and security account.

17. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

18. On September 16, 2021, Defendant text Plaintiff from 385-327-7757, which is one of the various phone numbers belonging to Defendant.

19. Defendant text Plaintiff on her cellular telephone at xxx-xxx-9105.

20. Defendant sent Plaintiff the following text message:

> This message is for Dawn. We purchased your account from Monotronics. We are willing to settle your account for $1200 if paid by 10/31/21. If you settle the account, we will delete it from the credit bureaus in its entirety. Feel free to pay online at mountainrunsolutions.com. If you pay online, you'll need your account number which is 8201892585. If you would like use to validate the debt, we would be glad to do so. "Mountain Run Solutions." This is an attempt to collect debt. Any information obtained will be used for that purpose. If you would like to opt of you text messages reply: stop

21. Plaintiff does not owe the alleged debt that Defendant is attempting to collect from her as it was settled with the original creditor in or around 2014.

22. *Arguendo*, even if Plaintiff does owe the alleged debt, it would have been incurred in 2013.

23. There have been further transactions with regard to the alleged debt since 2014.

24. The applicable statute of limitations in North Carolina to bring legal action to collect on the alleged consumer debt is not more than three (3) years.

25. The statute of limitations has long passed for bringing legal action against Plaintiff to collect on the alleged debt.

3

26. With regard to the above-referenced text message:

    a. Defendant attempted to collect a time-bared debt from Plaintiff without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations;

    b. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay would revive/reset the statute of limitations; and

    c. Defendant represented that removal of the negative tradeline being reported to Plaintiff's credit report was contingent upon her settling the debt.

27. Defendant's actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

28. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

30. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's First Amended Complaint.

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into

4

payment of the alleged debt;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in, at least, the following discrete violations of § 1692e;

c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not owe;

d. Defendant further violated § 1692e(2)(A) of the FDCPA, when Defendant attempted to collect a time-barred debt from Plaintiff without making certain disclosures about the legal status of the debt;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

f. Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant could violate debt collection laws with impunity by failing to make certain disclosures while attempting to collect a time-barred debt; and

g. Defendant further violated § 1692e(10) of the FDCPA when Defendant made false, deceptive, or misleading representations to Plaintiff regarding what Plaintiff was required to do to have the negative tradeline removed from her consumer report; and

5

h.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, DAWN TRIPLETT, respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

36. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's First Amended Complaint.

37. Defendant violated the NCDCA based on the following:

a.  Defendant violated § 75-52 of the of the NCDCA when it engaged in conduct, the natural consequences of which was to harass Plaintiff, when Defendant communicated with Plaintiff and insinuated that Plaintiff had to pay the alleged debt to have it removed from her consumer credit reports;

b.  Defendant violated Defendant violated § 75-54 of the NCDCA by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation, when Defendant attempted to collect a time-barred debt from Plaintiff without making proper disclosures and when Defendant represented that removal of the negative tradeline being reported to Plaintiff's credit report was

6

contingent upon her settling the debt;

    c.   Defendant violated § 75-54(4) of the NCDCA by falsely representing the character, extent or amount of the debt, when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not owe and when Defendant attempted to collect at time-barred debt from Plaintiff without making certain disclosures regarding the legal status of the debt; and

    d.   Defendant violated § 75-55 of the NCDCA by attempting to collect any debt by use of unconscionable means, when Defendant made false representations about what Plaintiff was required to do to have the negative tradeline removed from her consumer report.

38. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, DAWN TRIPLETT respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for the following:

39. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

40. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

41. Costs and reasonable attorneys' fees; and

42. Any other relief that this Honorable Court deems appropriate.

7

RESPECTFULLY SUBMITTED,

December 30, 2021

By: _/s/ Shireen Hormozdi_____      By: /s/ Simerdeep Kaur_____
    Shireen Hormozdi                         Simerdeep Kaur
    Of Counsel                               Agruss Law Firm, LLC
    North Carolina Bar No. 47432         Illinois Bar No. 6336153
    Agruss Law Firm, LLC                4809 N. Ravenswood Ave
    4809 N. Ravenswood Ave           Suite 419
    Telephone:  312-224-4695            Chicago, IL 60640
    Direct:  678-960-9030               Telephone: 312-224-4695
    Fax: 866-929-2434                  Fax: 312-253-4451
    shireen@agrusslawfirm.com         simer@agrusslawfirm.com
    LR 83.1 Plaintiff's Counsel         *Pro Hac Vice Counsel*